IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hassan Trent, #297224, | ) C/A No.: 1:11-541-RMG-SVH |
| Petitioner, | ) |
| vs. | ) |
| McCabe, Warden, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

Petitioner Hassan Trent is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections, and is serving a sentence for possession with intent to distribute (PWID) heroin and PWID heroin within close proximity of a school or playground. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #23, #24]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #25]. Petitioner filed a response in opposition to Respondent's motion. [Entry #32]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I. Procedural Background

In 2004, Petitioner was indicted by the Horry County grand jury for trafficking in heroin, PWID heroin and PWID heroin within close proximity of a school or playground. [Entry #24-10 at 120–125]. The trafficking charge was dismissed, and Petitioner was tried on the PWID charges before the Honorable Edward B. Cottingham on February 9, 2005. He was represented by Horry County Public Defender Orrie West, Esq. After the jury found him guilty, Judge Cottingham sentenced him to 21 years for PWID heroin and five years concurrent for PWID in proximity to a school.

A timely notice of appeal was filed on Petitioner's behalf by Joseph L. Savitz, III, Esq., arguing that "The judge erred by failing to direct a verdict of acquitting Trent of the proximity to a playground charge, since the police selected the location where the transaction was to have occurred." [Entry #24-1 at 3]. The convictions and sentences were affirmed by the South Carolina Court of Appeals on February 12, 2007. *See State v. Trent*, 2007-UP-075 (S.C.Ct. App. February 12, 2007)(finding that the issue raised was not preserved for appellate review) [Entry #24-3]. Petitioner did not file a petition for rehearing, nor seek certiorari in the South Carolina Supreme Court. The case was remitted to the circuit court by the Court of Appeals on February 28, 2007. [Entry #24-4].

Petitioner filed a pro se application for post-conviction relief (PCR) on January 16, 2008, in which he alleged:

1. His due process rights were violated by the trial court allowing a member of the bar to sit on the jury panel, in violation of S.C. Code Ann. § 14-7-820. Tr. p. 21.

2

2. There was no probative evidence of a drug transaction between himself and Ms. Griggs. Tr. p. 84, l. 20-21; p. 121, l. 16-17; p. 114, l. 3-20; and
3. "On examination of the notice of indictment, the State violated his mens rea constructive amendment. Tr. p. 139, l. 1-26 and p. 144, l. 1-25."

[Entry #24-10 at 174].

A PCR evidentiary hearing was held before the Honorable Michael G. Nettles on November 18, 2008, at which Petitioner was represented by Paul Archer, Esq. [Entry #24-10 at 64–112]. Petitioner testified at the hearing, along with his trial counsel Orrie West. [*Id.* at 71–11.] On December 9, 2008, Judge Nettles entered an order of dismissal. [*Id.* at 113–119]. Petitioner appealed his denial of state PCR and was represented in the PCR appeal by LaNelle DuRant of the South Carolina Commission on Indigent Defense. A Petition for Writ of Certiorari was made on September 2, 2009 raising the following question: "Did the PCR court err by denying petitioner's motion to have his PCR attorney relieved?" [Entry #24-5 at 3]. On May 14, 2009, the South Carolina Supreme Court issued its letter order denying the petition for writ of certiorari. [Entry #24-7]. The remittitur was issued by the Clerk of Court on June 2, 2010. [Entry #24-8].

II.  Discussion

  A.  Federal Habeas Issues

Petitioner raises the following four grounds in his federal petition for a writ of habeas corpus:

**Ground One:**   The trial court erred by failing to direct a verdict acquitting Petitioner of the proximity of a playground charge, since "police selected" the location of the alleged transaction.

        Supporting Facts: Petitioner asserts that it was error for the trial court not to direct a verdict in acquittal of the proximity charge wherein the "police selected" the location of the alleged transaction, that basically resulted in "entrapment."

**Ground Two:**    Petitioner's due process rights were violated by the trial court allowing a member of the S.C. Bar to sit on Petitioner's jury.

        Supporting Facts: Petitioner asserts it was error for the trial court to allow a member of the South Carolina Bar to participate in the trial as a jury member. *See* § 14-7-820. *See* Tr. p. 21, l.15.

**Ground Three:**    There was no sufficient evidence of a drug transaction between Petitioner and Griggs.

        Supporting Facts: Petitioner asserts that there is no evidence that he entered into or conducted a drug transaction with the informant. Therefore the evidence is insufficient to support a conviction. *See* Transcript p. 84, 20–21; p. 121, l. 16–17; p. 114, l. 3–20.

**Ground Four:**    The trial court constructively amended the indictment that denied Petitioner due process of law.

        Supporting Facts: On examination of the notice of indictment, the State violated his mens rea elements that constructively amended the indictment. *See* Tr. p. 139, ll. 1–25; p. 144, ll. 1–25.

[Entry #1 at 5–11].

    B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a

genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.  Habeas Corpus Standard of Review

1.  Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

>(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so

will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[1] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

      b.  Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[2] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of

---

[1] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[2] If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

9

bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required

showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th

11

Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

### D.   Analysis

#### 1.   AEDPA's Statute of Limitations

Respondent's first ground for dismissal of this Petition is that it was not timely filed under the one-year statute of limitations created by the AEDPA. As discussed briefly above, the AEDPA became effective on April 24, 1996, and substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d)    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2254(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court).

13

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 258 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (*quoting Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Federal Rule of Civil Procedure 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the State bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2. Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. He was tried and was sentenced on February 9, 2005. [Entry # 24-10 at 165]. Petitioner filed

a timely appeal, and his conviction became final on February 28, 2007, the date the South Carolina Court of Appeals issued the remittitur. *See* Rules 203(b)(2), 221, & 226, SCACR. Accordingly, the limitations period began to run on February 28, 2007 and expired on February 28, 2008, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Trent filed his state PCR application on January 16, 2008. [Entry #24-10 at 43]. At that point, 322 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until no later than June 21, 2010, when the South Carolina Court of Appeals issued the remittitur from its order denying Trent's petition for a writ of certiorari. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (holding that "that § 2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari").

Trent's federal Petition was deemed filed when delivered on March 3, 2011. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of

the filing date of the federal Petition, 274 days of non-tolled time had run from the dismissal of Trent's PCR application. Adding the 322 days that accrued between the date his conviction became final and the filing of his PCR application results in a total of 596 days of non-tolled time. Accordingly, Trent filed his federal habeas application approximately 231 days after the expiration of the one-year limitations period under § 2244(d)(1)(A). Since the Petitioner had expended 322 days between the direct appeal remittitur and the filing of his PCR application, he had 43 days of untolled time remaining to file his federal habeas petition from June 2, 2010. He had to file his petition by July 15, 2010. He did not file this Petition until March 3, 2011—over seven months after the limitations period had run. Accordingly, the undersigned recommends finding Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

        3.        Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

In his response, Petitioner claims that he delivered his Petition to mailroom personnel on March 3, 2010, not March 3, 2011, and that therefore, the Petition is not untimely. A review of the Petition and accompanying application to proceed without prepayment of fees and affidavit ("IFP application") reveal that they were not signed or dated, but had been placed in an envelope that had a postmark date of March 4, 2011. [Entry #1]. The Petition and IFP application were received by the Clerk of Court on March 7, 2011. *Id.*

Because Petitioner failed to sign the Petition or IFP application, the undersigned issued an order dated March 10, 2011, directing Petitioner by April 4, 2011 to "1) Sign and return the enclosed copy of the signature page of your Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240). (2) Sign and return the enclosed signature page of your habeas petition." [Entry #10]. On March 21, 2011, the Clerk of Court received Petitioner's signature pages, which reflected a date of March 21, 2011. Specifically, the signature page accompanying the Petition reflects Petitioner's signature under the following statement: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petitioner for Writ of Habeas Corpus was placed in the prison mailing system on 3-21-11. Executed on 3-21-11." [Entry #1-1] Similarly, the IFP application reflects Petitioner's signature on 3-21-11. [Entry #2-1]. While Petitioner argues in his Response that he delivered his Petition to the Lieber mailroom a full year prior, the evidence in the record reflects that his Petition was not submitted until March 2011. Therefore, his Petition is not timely.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (*quoting Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

### a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's state court conviction became final on February 28, 2007, and expired on February 28, 2008, not including tolling for his state PCR. As explained above, he had to file his petition by July 15, 2010, but waited until March 3, 2011. Petitioner's tardiness in filing this Petition in no manner suggest that Petitioner diligently pursued his rights. Petitioner has not presented any facts to demonstrate that he acted diligently in pursuing this remedy. Accordingly, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

### b. Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented facts sufficient to permit a finding of an extraordinary circumstance that could entitled Petitioner to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the Petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has

not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted.

III.     Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the Petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

November 28, 2011                                             Shiva V. Hodges
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**