IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2012 FEB -3 P 2: 18

Hassan Trent, #297224,   )
                         )
        Petitioner,      )    Civil Action No.: 1:11-541-RMG
                         )
v.                       )
                         )            **ORDER**
Warden Wayne C. McCabe,  )
                         )
        Respondent.      )
_____)

In this case, Petitioner filed a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), DSC. On June 22, 2011, Respondent filed a motion for summary judgment, arguing that he is entitled to summary judgment because, *inter alia*, the statute of limitations barred Petitioner's claims. (Dkt. Nos. 23-24). On November 28, 2011, the Magistrate issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted. (Dkt. No. 34). The Magistrate instructed Petitioner of the deadline for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (Dkt. No. 34-1). On December 12, 2011 Petitioner filed a Motion for Extension of Time to file objections. (Dkt. No. 37). The Court granted Petitioner's motion, extending Petitioner's deadline for filing objections to January 12, 2012. (Dkt. No. 38). Despite the Magistrate's clear instructions, Petitioner failed to file any objections to the Report and Recommendation. As explained herein, the Court adopts the Magistrate's Report and Recommendation, grants Respondent's motion for summary judgment, and dismisses Petitioner's Petition with prejudice.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Upon reviewing the record, this Court agrees with, and wholly adopts, the findings and recommendations of the Magistrate Judge. As the Magistrate Judge thoroughly explained in her Report and Recommendation, the Petitioner's claims are barred by the statute of limitations because Petitioner did not file his federal habeas petition until 231 days after the expiration of the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A). Further, Petitioner has not presented facts sufficient to support equitable tolling of the limitations period. Although Petitioner argues that he actually delivered his Petition to the prison mailroom on March 3, 2010, and not March 3, 2011 (*see* Dkt. No. 32 at 3), the record does not support this assertion. In addition to the fact that the envelope containing Petitioner's Petition has a postmarked date from March 2011 (*see* Dkt. No. 1-1), Petitioner signed a form which sets forth the statute creating a one-year statute of limitations and required the Petitioner to declare, under penalty of perjury,

that the Petition was placed in the prison mailing system on a particular date. (Dkt. No. 1-2). Petitioner dated this form March 21, 2011. (*Id.*). Thus, Petitioner's argument that he attempted to file the Petition in March 2010 is not supported by the record.

## Conclusion

Accordingly, Respondent's Motion for Summary Judgment is **granted** and Petitioner's Petition for Writ of Habeas Corpus is **dismissed with prejudice.**

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied.**

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

February 3, 2012
Charleston, South Carolina